# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MICHAEL GRIFFITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-16-396-RAW-SPS |
| ) | |
| **NANCY A. BERRYHILL,** ) | |
| **Acting Commissioner of the Social** ) | |
| **Security Administration,**[1] ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

The claimant Michael Griffith requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and REMANDED to the ALJ for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn Colvin as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Sec'y of Health & Human Svcs.*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of

---

[2] Step One requires the claimant to establish that he is not engaged in substantial gainful activity. Step Two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if hisr RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born February 17, 1983, and was thirty-one years old at the time of the administrative hearing (Tr. 33). He completed high school, and has worked as a stocker, car salesman, welder, truck driver, and mechanic industrial truck driver (Tr. 54-56, 204). The claimant alleges he has been unable to work since December 31, 2012, due to a back injury, left leg injury, and left hip injury (Tr. 203).

### Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on June 26, 2013. His applications were denied. ALJ Trace Baldwin held an administrative hearing, then ALJ John W. Belcher determined that the claimant was not disabled in a written opinion dated April 16, 2015 (Tr. 12-240). The Appeals Council denied review, so the ALJ's decision represents the Commissioners' final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.984, 416.1484.

### Decision of the Administrative Law Judge

ALJ Belcher made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform a full light work, *i. e.*, he could lift/carry/push/pull twenty pounds occasionally and ten pound frequently,

stand/walk and sit six hours in an eight-hour workday, and that he could frequently climb stairs and balance, but only occasionally bend, stoop, kneel, crouch, and crawl (Tr. 16). As such, the ALJ concluded that the claimant was not disabled because he could return to his past relevant work as a car salesman and stocker (Tr. 23).

### Review

The claimant argues that the ALJ erred by failing to properly evaluate the opinion of his chiropractor, Dr. Gene Mills.  He alleges that this was compounded by the fact that the ALJ misconstrued the opinions of treating physician Dr. Malone and consultative examiner Dr. Ronald Schatzman.  The undersigned Magistrate Judge finds that the ALJ *did fail* to properly evaluate the evidence in the record, and the decision of the Commissioner should be reversed and the case remanded for further proceedings.

The ALJ found that the claimant had the severe impairments of chronic back pain due to lumbosacral and thoracic spine injury and obesity, as well as the nonsevere impairments of left leg and left hip impairment, fracture of three ribs, hypertension, hyperlipidemia, and depression (Tr. 14).  The relevant medical evidence reflects that the claimant was in a motor vehicle rollover accident on December 31, 2012, and was diagnosed with a pulmonary contusion, closed L1 vertebral fracture, closed wedge compression fracture of  T12 vertebra, and closed wedge compression fracture of T11 vertebra (Tr. 295, 303, 310).  The claimant was discharged on January 2, 2013, and instructed not to drive and to wear his brace whenever he was up and ambulating, at least until he was evaluated for follow up three weeks later (Tr. 343).  A note from the claimant's treating physician indicates that the brace prescribed him needed adjusting

-4-

because it was not fitting right on January 9, 2013 (Tr. 322). Dr. David G. Malone continued follow-up treatment for the claimant. His notes reflect that he found the claimant temporarily unable to work in the immediate aftermath of the injury, and on March 14, 2013, he noted that the claimant's fracture was healing, but that he still had a kyphotic deformity as expected, and noted that the claimant had a 30-pound lifting restriction, no pulling of hoses, and no driving more than one hour at a time (Tr. 398). On May 13, 2013, Dr. Malone noted that the claimant did not appear able to return to work "any time soon," that all his previous work had been physical labor, that he did not have the education to perform a less strenuous job, and that there was no available further surgery for his back (Tr. 397).

On December 5, 2013, Dr. Todd Graybill conducted a mental status examination of the claimant, concluding that the claimant had major depression, single episode, mild, somewhat improved on medication (Tr. 413-415).

On April 15, 2014, Dr. Ronald Schatzman conducted a physical examination of the claimant. Upon examination, Dr. Schatzman noted that the claimant had apparent pain with extension, flexion, and abduction, as well as tenderness and muscle spasms but no cyanosis, digital clubbing, edema, or varicosities (Tr. 425). The claimant also had 5/5 grip strength, but the lumbar-sacral spine was tender with limited range of motion, while the cervical and thoracic spines were non-tender with full range of motion (Tr. 425). He further noted that the claimant had some degree of antalgic gait, but that heel/toe walking was normal and he did not require a walking aid (Tr. 425). Dr. Schatzman then assessed the claimant with chronic back pain, residuals of multiple fractures; chronic hip pain,

residuals of Perthes' disease post surgical intervention, and further noting the claimant would need hip replacement in the future; chest pain; and obesity (Tr. 425). Finally, Dr. Schatzman stated that he believed the claimant was severely impaired from activities of daily living due to his back pain and hip pain and that he will need eventual hip replacement, reiterating that the claimant had severe impairments (Tr. 425).

The claimant also received chiropractic treatment, and notes reflect the claimant reported constant pain (Tr. 451). On February 10, 2015, Dr. Gene Mills, DC, completed a physical Medical Source Statement (MSS) indicating that the claimant could lift/carry ten pounds occasionally and less than ten pounds frequently, stand/walk less than two hours in an eight-hour workday, sit less than four hours in an eight-hour workday, must periodically alternate sitting and standing, and that his ability to push/pull was limited in the lower extremities (Tr. 453). In support, Dr. Mills stated that movement aggravates the claimant's hip and compression fractures (Tr. 453). He further indicated that the claimant had occasional postural limitations and could occasionally finger and feel but could reach and handle less than occasionally (Tr. 454). Finally, he noted that the claimant needed to avoid concentrated exposure to extreme heat and cold, wetness, vibration, and hazards (Tr. 454).

A state reviewing physician determined that the claimant could perform light work with postural limitations of occasionally climbing ladders/ropes/scaffolds, stooping, crouching, and crawling, with frequent limitations to climbing ramps/stairs and balancing (Tr. 74-75). Despite summarizing Dr. Malone's treatment notes, including the one from May 2013 in which he stated that the claimant would not be able to return to work any

-6-

time soon, the state reviewing physician nevertheless asserted that the claimant would be able to perform light work within one year of the injury (Tr. 76).  This assessment was affirmed upon reconsideration (Tr. 105-107).

In his written opinion, the ALJ summarized most of the medical evidence in the record, as well as the claimant's hearing testimony, but provided little analysis. Specifically, the ALJ summarized Dr. Schatzman's consultative examination findings, Dr. Mills's assessment, and Dr. Malone's opinion.  The ALJ then stated that Dr. Schatzman's exam "revealed essentially normal range of motion except for a decrease in the lumbar spine to 70 degrees," and further noting that the claimant's obesity may contribute to pain (Tr. 22).  However, the ALJ immediately followed this statement by finding that "objective medical evidence does not confirm limitations and pain severity reported" (Tr. 22).  He then gave great weight to the consultative and reviewing physician opinions, finding them consistent with his own RFC assessment (Tr. 22).  He further gave Dr. Malone's March 2013 restrictions great weight, providing no assessment or opinion regarding the later opinions regarding the claimant's physical abilities (Tr. 22-23).  He gave no weight to Dr. Mills's MSS, because he was not an acceptable medical source (Tr. 23).

Social Security regulations provide for the proper consideration of "other source" opinions such as that provided by Dr. Mills herein.  *See, e. g., Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (noting that other source opinions should be evaluated with the relevant evidence "on key issues such as impairment severity and functional effects" under the factors in 20 C.F.R. §§ 404.1527, 416.927), *quoting* Soc. Sec. Rul. 06-03p,

2006 WL 2329939 at *3, *6 (Aug. 9, 2006) ("[T]he adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."). The factors for evaluating opinion evidence from "other sources," are similar to a treating physician analysis but set out separately and include: (i) the length of the relationship and frequency of contact; (ii) whether the opinion is consistent with other evidence; (iii) the extent the source provides relevant supporting evidence; (iv) how well the source's opinion is explained; (v) whether claimant's impairment is related to a source's specialty or area of expertise; and (vi) any other supporting or refuting factors. *See* Soc. Sec. Rul. 06-03p, at *4-5; 20 C.F.R. § 404.1527(d). *See also Anderson v. Astrue*, 319 Fed. Appx. 712, 718 (10th Cir. 2009) ("Although the ALJ's decision need not include an *explicit discussion* of each factor, the record must reflect that the ALJ *considered* every factor in the weight calculation.") [emphasis in original] [internal citations omitted]. The ALJ noted at the outset of step four that he had considered opinion evidence in accordance with SSR 06-03p, but the entirety of his evaluation of Dr. Mills's opinion was that he is not an acceptable medical source (Tr. 23). This demonstrates that the ALJ failed to consider Dr. Mills's opinion in accordance with the requirements of SSR 06-03p and the factors set forth above, and further demonstrates improper picking and choosing. *See, e. g., Clifton v. Chater*, 79 F.3d 1007, 1010 ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well

as significantly probative evidence he rejects.") *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-1395 (9th Cir. 1984). Because this is a significant misunderstanding with regard to the evidence and directly relates to findings regarding the claimant's RFC, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis.

In addition to the reversible error discussed above, the ALJ also failed to properly evaluate Dr. Schatzman's opinion. "An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) [internal citation omitted] [emphasis added], *citing Goatcher v. United States Department of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995). The pertinent factors are: (i) the length of treatment relationship and frequency of examination; (ii) nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003), *citing Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001). The ALJ recited at length Dr. Schatzman's opinion favorably and indeed purported to adopt it in total, but did not

acknowledge his concerns about the severity of claimant's hip and back pain, as well as the future need for a hip replacement. Indeed, the ALJ attempted to re-frame Dr. Schatman's assessment as only a slight limitation of range of motion of the lumbar spine with little effect on the claimant's RFC. *See, e. g., Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."), *citing Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) *and Hamlin*, 365 F.3d at 1219. *See also Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001) ("Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is 'significantly probative.'") [citation omitted].

Accordingly, on remand, the ALJ should evaluate *all* the evidence in the record related to both the claimant's physical *and* mental impairments, as well as the combined effects of these impairments, as required by the law and regulations. If such analysis results in any changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

## Conclusion

As set forth above, the undersigned Magistrate Judge PROPOSES that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the undersigned RECOMMENDS that the decision of the Commissioner be REVERSED and the case

REMANDED for further proceedings consistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 9th day of February, 2018.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**